THE CAPITAL OF PUERTO RICO, Plaintiff and Appellant, *v.* MANUEL V. DOMENECH, TREASURER OF PUERTO RICO, Defendant and Appellee.

No. 7130. Argued May 25, 1937.—Decided June 4, 1937.

*J. Valldejuli Rodríguez* for appellant. *B. Fernández García, Attorney General,* and *E. Campos del Toro, Assistant Attorney General,* for appellee.

MR. JUSTICE TRAVIESO delivered the opinion of the court.

Act No. 52 of 1925 (Session Laws, p. 296), as amended by Act No. 12 of 1930 (Session Laws, p. 158) and Act No. 40 of 1931 (Session Laws, p. 360), levies a tax of seven (7) cents on each gallon of gasoline "imported, manufactured, sold, used or consumed or otherwise disposed of for consumption in Puerto Rico," and provides that such tax shall be collected by the Treasurer of Puerto Rico, as soon as the gasoline is manufactured or produced in, or introduced into Puerto Rico, by affixing and canceling internal revenue stamps.

The Government of the Capital of Puerto Rico filed a complaint in the District Court of San Juan, wherein it prayed that a judgment be rendered declaring that the Government of the Capital of Puerto Rico was not bound to pay the said tax on the gasoline it buys for public service.

As grounds for its demand the Government of the Capital alleged:

That the tax is paid by the consumer, as the companies selling the gasoline fix the price of the same and add to it seven cents more to cover the tax; that the Government of the Capital is a corporation or agency of the Insular Government and as such must be exempt from the payment of said tax, since all its acts are performed for the benefit of the public and under powers delegated by the Insular Government; that by compelling petitioner to pay the tax in question it is deprived of funds which are necessary to support the municipal public schools and hospitals and to pay employees; and that, as it is a municipality of the Island of Puerto Rico, plaintiff is exempted from the payment of the tax, in accordance with Act No. 52 of 1925 (Session Laws, p. 296).

In support of its contentions petitioner and appellant cited the opinions of the Attorney General of Puerto Rico of November 1, 1927, and June 29, 1931, and that of the Dis-

trict Court of the United States for the District of Puerto Rico, in the case at law No. 2114, *West India Oil Co. v. Manuel V. Domenech, Treasurer of Puerto Rico.*

The defendant Treasurer in his answer alleged that the law in force did not grant any exemption to the municipality, nor to the Insular Government; that the law does not apply to the People of Puerto Rico, because as the latter collects the tax, it would be a useless operation to collect from and pay itself; that Act No. 52 of 1925 cited by the municipality as a basis for the alleged exemption in its favor, is without force or validity; that Act No. 40 of 1931 expressly repealed Act No. 12 of 1930 and all laws or parts of laws in conflict with the same, and consequently Act No. 52 of 1925 was repealed as well as all laws or parts of laws which by reference had been incorporated in said Act No. 52 of 1925, especially that part of section 42 of the Act of July 28, 1923, which granted the exemption claimed.

The lower court in its judgment declared that the gasoline sold to the Government of the Capital was not exempted from the payment of the tax of seven cents per gallon. Thereupon the municipality appealed.

██ For a better understanding of the legal question involved in the present appeal, we will make a brief statement of the development of the insular legislation concerning the tax on gasoline. Said tax was originally included as a provision in the Excise Tax Law of Puerto Rico of July 28, 1923 (Session Laws, p. 442), which by its section 20, subdivision 37, imposed a tax of one-half (½) cent on each gallon of gasoline "imported, manufactured, sold, used or consumed or otherwise disposed of for consumption in Puerto Rico." Section 29 of said law attached the tax to taxable merchandise as soon as the latter was manufactured or produced; and made the vendor responsible for the payment of the tax, and said vendor could be found guilty of misdemeanor if he sold the taxable article without first having

paid the tax. When the article had been imported for sale, use or consumption in Puerto Rico, the tax was levied on the same when found upon the market in possession of a dealer, who was responsible for the payment of the tax upon transferring said article to another dealer or a consumer (see section 33 of said act). Section 42 of the cited Excise Tax Law, provided:

"Any taxable articles for the use and consumption of the dependencies of the Federal, Insular or Municipal governments *shall be exempt from the payment of taxes provided for in this Act* when said articles are obtained by means of a requisition signed by the respective heads of said dependencies." (Italics ours.)

On July 21, 1925, there was approved Act No. 52 of 1925, (Session Laws, p. 296), which levied a tax of two cents on each gallon of gasoline sold or consumed in Puerto Rico. Section 6 of said Act reads thus:

"Section 6.—That all provisions contained in titles 1, 3, 4, 7, 8, 9 and 10 of the Excise Tax Law of Porto Rico, approved July 28, 1923, as amended August 27, 1923, and June 23, 1924, and all rules and regulations promulgated by the Treasurer of Porto Rico by virtue of the said Excise Tax Law, not in conflict herewith, shall have force and effect in the application of this Act."

Section 8 of the same Act provides:

"Section 8.—Paragraph 37 of section 20 of the 'Excise Tax Law of Porto Rico' approved July 28, 1923, is hereby repealed, as well as all laws or parts of laws in conflict herewith."

By virtue of Act No. 8 of May 11, 1927, the tax on gasoline was increased to four cents per gallon, thus amending Act No. 52 of 1925, *supra.*

On April 21, 1930, there was approved Act No. 12, whereby Act No. 52 of 1925 was again amended by increasing the tax on gasoline to six cents per gallon.

Lastly, on April 24, 1931, there was approved Act No. 40 of 1931 (Session Laws, p. 360), entitled "An Act to levy a

tax of seven (7) cents on each gallon of gasoline imported, manufactured, sold, used, or consumed, or otherwise disposed of for consumption in Porto Rico, hereafter to cover the proceeds, etc.'' By section 1 of said act the tax on gasoline was increased to seven cents per gallon and was given the character of an internal revenue tax, and it was expressly provided:

''And such tax shall be collected by the Treasurer of Porto Rico, *subject to the provisions of the Internal-Revenue Law,* as soon as the gasoline is manufactured or produced in, or introduced into Porto Rico, by affixing and cancelling internal-revenue stamps on such documents as the Treasurer may prescribe for the purpose.'' (Italics ours.)

Section 3 of that act reads as follows:

''Section 3.—Act No. 12 approved April 21, 1930, and all other laws or parts of laws in conflict herewith are hereby repealed.''

Act No. 40 of 1931 is the latest legislative enactment on the subject of a tax on gasoline. And as said act was the act in force at the time the present action was brought, we will now proceed to construe it in connection with the previous acts on the same subject.

The opinions of the Attorney General, attached to the complaint as Exhibits 1 and 2, were rendered prior to the date on which Act No. 40 of 1931 went into effect, and the case decided by the Federal Court of Puerto Rico referred to taxes collected during the period from August 1, 1930, to June 30, 1931, by virtue of Act No. 52 of July 21, 1925. Said opinions can throw very little light upon the legal question raised by the present appeal.

In order to uphold the contention of appellant we would have to lay down the two following premises:

1. That Act No. 40 of 1931 did not repeal as being incompatible therewith Act No. 52 of 1925; and

2. That in accordance with said Act No. 52 of 1925 and because of the reference made in its section 6 to section 42

of the Excise Tax Law of Puerto Rico of July 28, 1923, the municipality is exempt from the payment of the tax.

Both premises are untenable. The incompatibility between Act No. 52 of 1925 and Act No. 40 of 1931 is clear and evident. The former of said acts provides that in the collection of the tax on gasoline certain provisions of the Excise Tax Law of Puerto Rico of July 28, 1923, shall be applied, among which is found section 42 thereof, *supra*, which exempts the municipalities from the payment of the tax. The latter, Act No. 40 of 1931, which is a complete law and which does not amend the former laws expressly, provides by its section 1, *supra*, that the collection of the tax shall be made subject to the provisions of the Internal Revenue Law. We have carefully examined the Internal Revenue Act in force at the time that said Act No. 40 of 1931 and the subsequent amendments were approved, and we find no provision which authorizes the exemption claimed by the appellant municipality. For these reasons we must decide that Act No. 52 of 1925 was repealed by Act No. 40 of 1931, and hence that the exemptions authorized by section 42 of the old Excise Tax Law of 1923, which was repealed, are not applicable as a basis for the contention of appellant.

The judgment appealed from must be affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.